UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jennifer Dwyer,<br><br>     Petitioner,<br><br>v.<br><br>Timithea Pullen,<br><br>     Respondent. | Civil No. 3:22-cv-00689-MPS |

**ORDER RE: MOTION TO LEAVE TO PROCEED IN FORMA PAUPERIS**

The Petitioner, Jennifer Dwyer, moved for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this *habeas corpus* petition. For the reasons set forth below, the Petitioner's motion to proceed *in forma pauperis* is DENIED.

To qualify for *in forma pauperis* status, the Petitioner must demonstrate that she "cannot because of [her] poverty pay or give security for the costs and still be able to provide [her]self and h[er] dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (U.S. 1948). While a petitioner does not have to be completely destitute, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983), she does have to show that "paying such fees would constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007).

When applying this standard in prison cases, courts take into account that most of an inmate's necessities of life are provided by the prison. As the Second Circuit Court of Appeals explained, "what constitutes the 'necessities of life' that must be purchased is obviously different for prisoners, most of whose necessities are paid for by the jurisdiction that incarcerates them." *In re Epps*, 888 F.2d 964, 967 (2d Cir. 1989). Similarly, in *Westberry v. Erfe*, the court observed that

as a prisoner, the petitioner had no room or board costs. No. 3:17-cv-965(VLB), 2017 WL 11552983, at *1 (D. Conn. Aug. 9, 2017). In light of this, the court found that requiring the petitioner to pay the $5.00 filing fee, when she had a trust fund account balance of $37.58, would not "force h[er] to forego the necessities of life or abandon this action." *Id.*

In this case, the Petitioner's motion for leave to proceed *in forma pauperis* was accompanied by a financial affidavit stating that she had no income, no assets of any kind, and no money in cash or in a checking or savings account. On the affidavit, the Petitioner listed a restitution judgment of $2,221,079.47 as her primary debt or obligation.

At the same time, her trust account statement reveals a balance of $120.20 as of May 17, 2022. In the six-month period prior to filing her petition for writ of *habeas corpus*, she has received monthly payroll deposits of $25 in December of 2021, $34.80 from January to March of 2022, and $55.60 in May of 2022. There were also three Western Union deposits of $50, $130, and $150 during this period.

The Petitioner's trust fund account statement indicates that it would be inappropriate to permit this action to proceed without prepayment of fees. Akin to the petitioner in *Westberry*, the Petitioner is capable of paying $5.00 from her account balance of $120.20 to commence the *habeas* proceeding. The $5.00 filing fee would not force the Petitioner to forgo the necessities of life or abandon this action, given that her necessities are provided for her as an inmate. In addition, the filing fee does not deprive her of the small amenities that one is permitted to acquire in prison, as her remaining account balance of $115.20 and monthly earnings would still allow her to buy such amenities. Although the Petitioner does list a significant obligation in the form of a restitution judgment, instructions from her judgment state that she must pay 10% of her gross monthly income until that obligation is paid in full. Judgment, *United States v. Dwyer*, No. 2:18-cr-00148-cr (D.

Vt. Feb. 12, 2020), ECF No. 66 at 7.  Her current trust account balance suggests that even if she is making monthly payments on her restitution judgment, paying the $5.00 fee would not amount to a serious hardship.

The Petitioner's motion for leave to proceed *in forma pauperis* is denied.  Her case is stayed for twenty-one days to enable her to submit the filing fee.  If she fails to submit the fee within twenty-one days of this order, her case will be dismissed.

IT IS SO ORDERED.

                                                                    /s/
                                                          Michael P. Shea, U.S.D.J.


Dated:        Hartford, Connecticut
              July 5, 2022